UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, <br><br> Plaintiff, <br><br> v. <br><br> Maverick Asset Management, LLC, Rodney Scott Phelps and Jason T. Castenir <br><br> Defendants. | CASE NO. 3:15-cv-00928 <br><br> **CONSENT ORDER OF PRELIMINARY INJUNCTION AS TO DEFENDANT RODNEY SCOTT PHELPS** |

On August 25, 2015, Plaintiff, the U.S. Commodity Futures Trading Commission ("Commission"), filed a Complaint against Maverick Asset Management, LLC ("MAM"), Rodney Scott Phelps ("Phelps") and Jason T. Castenir ("Castenir") (collectively, "Defendants"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2014).

On August 25, 2015, the Court issued a Statutory Restraining Order ("SRO"), pursuant to 7 U.S.C. § 13a-1 (2012), which found good cause to: (1) freeze assets owned, controlled, managed, or held by or on behalf of, or for the benefit of Defendants, including assets in accounts held by Maverick Investment Holdings, LLC; and (2) prohibit Defendants, their agents, servants, employees,

1

assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

The Court has considered the parties' filings, including the Commission's Motion for a Preliminary Injunction. The Court finds that Defendant Phelps: (1) acknowledges service of the Summons, Complaint and SRO; (2) consents to personal and subject matter jurisdiction in this Court; and (3) consents that venue is proper in this Court.

The Court finds that Defendant Phelps, without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, consents to the entry of this Order of Preliminary Injunction ("Order"). The Court also finds that Defendant Phelps consents to this Order, that it is entered into voluntarily, and that no promise or threat has been made by the Commission, or any member, officer, agent or representative of the Commission to induce Defendant Phelps to consent to this Order.

**THEREFORE, PLAINTIFF AND DEFENDANT PHELPS AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the parties, subject matter, and transactions at issue in this action pursuant to 7 U.S.C. § 13a-1.

2. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e).

3. Defendant Phelps waives the entry of findings of fact and conclusions of law for purposes of this Order, pursuant to Rule 52(a)(2) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT:**

**I.     Injunctive Relief Granted**

4. Defendant Phelps, and any person or entity acting in the capacity of agent, servant, employee, successor, or assign of Defendant Phelps, and all persons insofar as they are acting in active concert or participation with Defendant Phelps who receive actual notice of this Order by personal service or otherwise, shall be restrained, enjoined and prohibited, until further order of the Court or final resolution of this matter by the Court, from directly or indirectly engaging in any conduct in violation of 7 U.S.C. §§ 6b(a)(1)(A)-(C), 6o(1), 6m(1) and 6k(2) (2012), and 17 C.F.R. §§ 4.20(b)-(c) (2014).

5. Defendant Phelps is restrained, enjoined and prohibited until further order of the Court or final resolution of this matter by the Court, from directly or indirectly:

    a.     trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

    b.     entering into any transactions involving a commodity interest (as that term is defined in 17 C.F.R. § 1.3(yy) (2014)) for his own personal account or for any account in which they have a direct or indirect interest;

3

  c. having any commodity interest traded on his behalf;

  d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving a commodity interest;

  e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling a commodity interest;

  f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2014); and

  g. acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1(a)(38) (2012)) registered, exempted from registration or required to be registered with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9).

## II. Court Maintains Jurisdiction

6. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

7. The SRO shall remain in full force and effect until further order of this Court.

### III. Bond Not Required Of Plaintiff

8. Pursuant to 7 U.S.C. § 13a-1(b), Plaintiff is an agency of the United States of America and, accordingly, need not post a bond.

**IT SO ORDERED**, at Nashville, Tennessee on _____, 2015.

_Kevin H. Sharp_
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

_____  Dated: September 16Th, 2015
Rodney Scott Phelps

_____  Dated: September 16, 2015
Glenn I. Chernigoff, Trial Attorney
(DC Bar No. 488500)
gchernigoff@cftc.gov
Alison B. Wilson, Chief Trial Attorney
(DC Bar No. 475992)
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, D.C. 20581
(202) 418-5305 (Chernigoff)
(202) 418-5523 (fax)
Counsel for Plaintiff