UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

       Plaintiff,

v.

MAVERICK ASSET MANAGEMENT, LLC,
RODNEY SCOTT PHELPS, and JASON T.
CASTENIR,

       Defendants.
_____/

Case Number 15-00928
Honorable David M. Lawson
Magistrate Judge Joe Brown

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter is before the Court on the report issued on November 19, 2017 by Magistrate Judge Joe Brown pursuant to 28 U.S.C. § 636(b), recommending that the Court grant the government's amended motion for entry of default judgment and enter judgment in favor of the plaintiff against defendants Maverick Asset Management, LLC and Jason Castenir. The magistrate judge's report explicitly stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report. However, no objections have been filed, and the time for filing them has lapsed. The defendants' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The failure to object to the magistrate judge's report also releases the Court from its duty independently to review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge set forth in the report and recommendation, which the Court adopts and incorporates by reference herein. The Court notes, moreover, that defendants Maverick and Castenir have not appeared in the

case either in person or through counsel, they have not filed any responsive pleading or any other papers with the Court since the commencement of this litigation, and their default was entered by the Clerk of Court on October 27, 2015.

The Court further concludes that, although other claims remain pending against defendant Rodney Scott Phelps, the injunctive and monetary relief sought by the government against the defaulted defendants may be granted without implicating the claims against that defendant. Moreover, there is good reason for the Court to issue a partial judgment now against the defaulted defendants only, since the Court has ordered the proceedings against Phelps to be stayed indefinitely, pending the outcome of the separate criminal proceedings against him in *United States of America v. Rodney Scott Phelps*, No. 17-00036 (indictment filed on June 22, 2017). There has been no suggestion that the criminal case against Phelps is likely to conclude in the imminent future, and nothing in the record indicates that allowing the government to proceed toward securing its remedies against the defaulted defendants would obstruct or interfere with the course of the criminal case or the claims against Phelps in this matter. The Court finds, therefore, that there is no just reason for delay in entry of a final judgment as to the defaulted defendants only in this case. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [77] is **ADOPTED**.

It is further **ORDERED** that the government's motion for entry of default judgment against defendants Maverick Asset Management, LLC and Jason Castenir [72] is **GRANTED**, and a judgment against those defendants separately shall enter.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge<br>
Sitting by special designation

Dated: January 16, 2018